# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| PRESTON MATHIS, | ) | CASE NO. 1:10-cv-01389 |
| Plaintiff, | ) ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | MAGISTRATE JUDGE GREG WHITE |
| CORPORAL KEYS, *et al.*, | ) ) | |
| Defendants. | ) ) | **REPORT AND RECOMMENDATION** |

## I. Procedural Background

On June 22, 2010, Plaintiff Preston Mathis (hereinafter "Plaintiff"), *pro se*, filed his Complaint alleging a violation of 42 U.S.C. § 1983 and professional negligence against Corporal Keys and unnamed John Doe/Jane Doe officers and nurses (collectively "Defendants"). (ECF No. 1.) On November 10, 2011, Plaintiff filed a Motion for Partial Summary Judgment. (ECF No. 36.) On December 14, 2011, Defendants filed a cross Motion for Summary Judgment. (ECF No. 42.) After being fully briefed, the motions are now ripe for consideration.

## II. Summary of Facts

Many of the key facts in this matter are undisputed.[1] On July 2, 2008, Plaintiff was a prisoner at the Cuyahoga County Jail, where he was assaulted by another prisoner. (ECF No. 36-1 at ¶2; ECF No. 42-2, Exh. A at ¶18.) He sustained a broken jaw as a result of the altercation. (ECF No. 1 at 3; ECF No. 42-2, Exh. A at ¶18.) According to Plaintiff, "the jail nurse swiftly diagnosed [his] condition as mandating immediate emergency medical attention." (ECF No. 1 at 3.) The same day at 11:37 a.m., on the order of the jail's medical staff, Plaintiff was transported by Sheriff's deputies to the MetroHealth Hospital Emergency Room ("ER"). (ECF No. 11; ECF No. 42-2, Exh. A at ¶18; ECF No. 36-10, Exh. A.) An x-ray confirmed that Plaintiff suffered fractures of his jaw at the right mandibular angle and at the left mandibular body. (ECF No. 42-3, Exh. B at ¶¶10-11.) A bridal wire was put in place. (ECF No. 42-3, Exh. B at ¶¶12-13.) Plaintiff was advised that he consider mandibular external pin fixation surgery to completely repair his mandible. *Id*. at ¶¶14-15. He consented. *Id.* Mandibular pin fixation surgery was scheduled for July 9, 2008 and Plaintiff was discharged. *Id*. at ¶¶16-18. Plaintiff

---

[1] Plaintiff's Complaint (ECF No. 1) and his Declaration in Support of his Motion for Partial Summary Judgment (ECF No. 36-1) shall be treated as affidavits satisfying Fed. Civ. R. 56(c)(1). Pursuant to 28 U.S.C. § 1746, written declarations made under "penalty of perjury" are permissible in lieu of sworn affidavits subscribed to before public notaries. *See Williams v. Browman*, 981 F.2d 901, 904 (6th Cir. 1992); *Davis v. City of East Cleveland*, 2006 U.S. Dist. LEXIS 11913 at *4 (N.D. Ohio 2006). The statute's legislative history expressly states that "the purpose of this legislation is to permit the use in Federal proceedings of unsworn declarations given under penalty of perjury in lieu of affidavits." *Williams* (quoting H.R. Rep. No. 1616, 94th Cong., 2d Sess. 1, reprinted in 1976 U.S.C.C.A.N. 5644.) Both the complaint and the declaration contain language stating "under penalty of perjury that the foregoing is true and correct." This language is identical to language contained in 28 U.S.C. § 1746. The Court also has considered the affidavits attached to Defendants' motion for summary judgment (ECF No. 42, Exhs. A & B), as well as copies of Plaintiff's medical records provided to the Court.

contends that the ER dentist wanted to perform the surgery immediately, but that Sheriff's deputies insisted the surgery be rescheduled.  (ECF No. 36-1 at ¶¶4-5.)  Defendants deny having any involvement in the scheduling of the surgery.  (ECF No. 42-2, Exh A at ¶24.)  In addition, Jon P. Bradrick, D.D.S., Director of the Division of Oral and Maxillofacial Surgery at MetroHealth Hospital, stated in a sworn affidavit that Defendants had no input into scheduling Plaintiff's surgery.  (ECF No. 42-3, Exh. B at ¶¶20.)  Dr. Bradrick explained that there was no emergency medical justification or need for immediate pin surgery on July 2, 2008.  *Id*. at ¶¶16-18, 21.

On July 9, 2008, Plaintiff did *not* have the scheduled surgery, but was instead transferred to the Lorain Correctional Facility ("LORCI").  (ECF No. 42-2, Exh. A at ¶27; ECF No. 42-3, Exh. B at ¶¶22-23.)  Upon transfer, LORCI was provided with an Inmate Transfer Medical Information Sheet by Defendants that disclosed Plaintiff's medical condition and pending referral for surgery.  (ECF No. 42-2, Exh. A at ¶29; ECF No. 36-14, Exh. E.)  It is undisputed that the day after his transfer, LORCI sent Mathis to the Ohio State Medical Center.  The mandibular pin fixation surgery was performed two days later – on July 12, 2008.  (ECF No. 42-2, Exh. A at ¶¶30-31; ECF No. 42-3, Exh. B at ¶24; ECF No. 36-1 at ¶6; ECF No. 36-7, Exh. 4.)

### III.  Summary Judgment Standard

Federal Rule of Civil Procedure 56 governs summary judgment motions and states:

> (a) Motion for Summary Judgment or Partial Summary Judgment.
> A party may move for summary judgment, identifying each claim
> or defense – or the part of each claim or defense – on which
> summary judgment is sought.  The court shall grant summary
> judgment if the movant shows that there is no genuine dispute as
> to any material fact and the movant is entitled to judgment as a
> matter of law.  The court should state on the record the reasons for
> granting or denying the motion.

3

\*\*\*
> (c) Procedures.
>> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>> (2) Objection That a Fact Is Not Supported by Admissible Evidence.  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>> (3) Materials Not Cited.  The court need consider only the cited materials, but it may consider other materials in the record.
>> (4) Affidavits or Declarations.  An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).  A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989)(*citing Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)).  The non-moving party is under an affirmative duty to point out specific facts

4

in the record which create a genuine issue of material fact. *Fulson v. City of Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id*. "[T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff has had a full opportunity to conduct discovery." *Liberty Lobby*, 477 U.S. at 257.

Courts are given wide latitude in considering any document of record in its analysis of a summary judgment motion, regardless of when the document was filed and for what purpose. For example, an affidavit that is on file in a case, regardless of the purpose for which it was prepared and filed, can be considered by the court in deciding a motion for summary judgment. *See Carmona v. Toledo*, 215 F.3d 124, 132 n. 7 (1st Cir. 2000); *McLaughlin v. Liu*, 849 F.2d 1205, 1206 n. 3 (9th Cir. 1988); *McCullough Tool Co. v. Well Surveys, Inc*., 395 F.2d 230, 236 n. 7 (10th Cir. 1968); 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure § 2722, at 378 (3d ed. 1998).

The summary judgment standard does not change simply because the parties presented cross-motions. *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991). The fact that both parties have moved for summary judgment does not mean a court must grant judgment as a matter of law for one side or the other; rather, a "court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Id*.; *Profit Pet v. Arthur Dogswell, LLC,* 603 F.3d 308, 312 (6th Cir. 2010). "Where the record taken as a whole could not lead a rational trier

of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776 (2007). Thus, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id*.

It is well settled that "inartfully pleaded allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers." *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (internal quotation marks omitted) (*citing Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Further, allegations in *pro se* pleadings are entitled to "liberal construction" which sometimes requires "active interpretation ... to encompass any allegation stating federal relief." *Id*.

### IV. Law and Analysis

**A. Deliberate Indifference to Serious Medical Needs**

Plaintiff argues that Defendants were deliberately indifferent to his serious medical needs resulting from the fracture of his jaw. (ECF No. 1.) Plaintiff claims that Defendants intentionally interfered with his prescribed course of treatment and maliciously denied him necessary medical care after the ER visit despite his persistent complaints of pain. (ECF No. 36-3.)

In order to state a viable § 1983 claim for failure to render appropriate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97 (1976); *see also Ewolski v. City of Brunswick*, 287 F.3d 492, 510 (6th Cir. 2002); *Watkins v. City of Battle Creek*, 273 F.3d 682, 686

6

(6th Cir. 2001). "Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Border v. Trumbull County Bd. of Comm'rs*, 414 Fed. Appx. 831, 836 (6th Cir. 2011) (*quoting Perez v. Oakland Cnty.*, 466 F.3d 416, 424 (6th Cir. 2006)). This inquiry is comprised of both objective and subjective components:

> There are two distinct prongs of the deliberate indifference standard: An objective component and a subjective component. First, the medical need "must be, objectively, sufficiently serious." *Farmer*, 511 U.S. at 835. [...] The subjective component, on the other hand, requires facts that indicate "that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock*, 273 F.3d at 703.
>
> Thus, the subjective component actually has three prongs embedded within it. First, the plaintiff must show that the official subjectively perceived the facts that gave rise to the inference of the risk. *Id.* Then, the plaintiff must show that the official actually drew the inference, and, importantly, not just that he or she should have done so. *Farmer*, 511 U.S. at 839; *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). Finally, the plaintiff must show that the official consciously disregarded the perceived risk. *Farmer*, 511 U.S. at 839.

*Cooper v. County of Washtenaw*, 222 Fed. Appx. 459, 465-466 (6th Cir. 2007).

With respect to the first prong, to establish the objective seriousness of a medical need, it must be "diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Perez*, 466 F.3d at 423 (emphasis added) (*citing Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004)); *accord Ramirez-Rosales v. Matheny*, 2011 U.S. Dist. LEXIS 100887 (E.D. Tenn. Sept. 6, 2011); *Lyons v. Brandly*, 2009 U.S. Dist. LEXIS 131559 (N.D. Ohio Mar. 10, 2009).

The Court finds that, based on the evidence of record, Defendants were not deliberately indifferent to Plaintiff's medical needs. The parties do not dispute that Plaintiff was transported

7

to the ER promptly on the same day – July 2, 2008 – he suffered his broken jaw. It is also not disputed that Plaintiff eventually underwent mandibular external pin fixation surgery ten days later on July 12, 2008. The only two factual disputes revolve around two related issues: (1) whether Defendants prevented Plaintiff from undergoing surgery the same day the incident occurred; and, (2) whether the surgery in question was time sensitive. There is no evidence to support Plaintiff's bare allegation that a serious medical need objectively existed during the ten days between his first visit to the ER and when the mandibular external pin fixation surgery was done.

Dr. Bradrick, Director of Oral and Maxillofacial Surgery at MetroHealth, was initially scheduled to operate on July 9, 2008. He has testified, by way of affidavit, that Plaintiff's jaw fracture was "treated and stabilized" by the placement of a bridal wire on July 2, 2008, which was sufficient to stabilize Plaintiff's injuries. (ECF No. 42-3, Exh. B at ¶¶13-14.) Dr. Bradrick also has testified that "mandibular pin fixation was scheduled for July 9, 2008 at the MetroHealth operating room *as no medical reason required hospital admission or the immediate performance of an emergency pin fixation procedure*." *Id*. at ¶18 (emphasis added). Dr. Bradrick also testified that it was his medical opinion that the three day delay between July 9, 2008 (the date of the originally scheduled surgery), and July 12, 2008 (the date of the actual surgery), did not deprive Plaintiff of any medically necessary treatment. *Id*. at ¶25. Finally, he further testified that it was his medical opinion that the three day delay "did not subject [Plaintiff] to increased, additional and/or excessive pain or discomfort separate [and] apart from the pain and discomfort normally resulting from the injuries sustained by [Plaintiff] on July 2, 2008." *Id*. at ¶26. Therefore, the question of who scheduled the initial surgery is moot, as the

crux of Plaintiff's allegation is that his treatment was delayed – not that it was withheld altogether.

The Sixth Circuit has held that "an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed.'" *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001) (*quoting Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994)); *see also Rumsey v. Martin*, 28 Fed. Appx. 500, 502 (6th Cir. 2002) (plaintiff inmate did not submit "medical evidence which clearly show[ed] that his condition deteriorated because of a delay in filling his prescriptions.")

Here, Defendants have pointed to evidence in the record that shows the delay was medically inconsequential. Plaintiff clearly believes otherwise, but he may not rest on his mere allegations. Despite being granted a one-month extension until February 6, 2012 to obtain the opinion of a medical expert, Plaintiff has not placed any verifying medical evidence in the record to establish the detrimental effect of the delay. (ECF Nos. 33, 46.) Furthermore, Plaintiff's complaint does not allege that he was deprived of the necessary medical treatment for his broken jaw or that he was at substantial risk of serious or permanent injury due to the delayed surgery. Since Plaintiff has failed to satisfy the objective component that his condition – after the ER visit – constituted a serious medical need, "the adage applies that, '[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Tucker v. Ganshimer*, 2008 U.S. Dist. LEXIS 117032 (N.D. Ohio July 30, 2008) (*quoting Perez*, 466 F.3d at 434). Because Plaintiff

9

cannot produce admissible evidence to support the allegation he suffered from an objectively serious medical need that went untreated, it is recommended that Defendants' motion for summary judgment be granted with respect to Plaintiff's § 1983 claim.[2]

### V. Conclusion

For the foregoing reasons, it is recommended that Plaintiff's Motion for Partial Summary Judgment (ECF No. 36) be DENIED and Defendants' Motion for Summary Judgment (ECF No. 42) be GRANTED.

/s/ Greg White
U.S. Magistrate Judge

Date: March 13, 2012

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** ***See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).** ***See also Thomas v. Arn*, 474 U.S. 140 (1985),** *reh'g denied***, 474 U.S. 1111 (1986).**

---

[2] To the extent Plaintiff's complaint attempts to raise a medical malpractice claim against the John/Jane Doe medical providers at the prison, such claim cannot withstand summary judgment. "It is well settled in Ohio that in order to prevail in a medical malpractice claim, a plaintiff must demonstrate through expert testimony that, among other things, the treatment provided did not meet the prevailing standard of care." *Ramage v. Central Ohio Emergency Services, Inc.*, 592 N.E.2d 828, 64 Ohio St. 3d 97, 102 (Ohio 1992); *accord Nye v. Ellis*, 2010 Ohio App. LEXIS 1206, 2010-Ohio-1462 at ¶33 (Ohio Ct. App., Mar. 25, 2010). Plaintiff has presented no such evidence.