IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PRESTON MATHIS,** | ) | **CASE NO.  1:10 CV 1389** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **CORPORAL KEYS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Greg White.  The Report and Recommendation (Document # 47), submitted on March 13, 2012, recommending (1) that Defendants' Motion for Summary Judgment (Document #42) be granted as to Plaintiff's Claims, and that Plaintiff's Complaint (Document #1) be dismissed with prejudice; and, (2) that Plaintiff's Motion for Partial Summary Judgment (Document #36) be denied, is hereby ADOPTED by this Court.

**Procedural and Factual Background**

On July 2, 2008, Plaintiff, while a prisoner at the Cuyahoga County Jail, was assaulted by another prisoner and sustained a broken jaw.  He was transported by the Sheriff's deputies to the MetroHealth Hospital Emergency Room where an x-ray confirmed that Plaintiff suffered fractures to his jaw at the right mandibular angle and at the left mandibular body. A bridal wire was put in place to stabilize the jaw. Plaintiff was advised to consider mandibular external pin fixation surgery to completely repair his mandible.  Plaintiff consented to the surgery and it was scheduled for July 9, 2008. Plaintiff was discharged and returned to County Jail.

Plaintiff contends that the ER dentist wanted to perform the surgery immediately, but

that the Sheriff's deputies insisted that the surgery be rescheduled. Defendants deny having any involvement in the scheduling of the surgery. The Director of the Division of Oral and Maxillofacial Surgery at MetroHealth Hospital stated in his affidavit that Defendants had no input into scheduling Plaintiff's surgery and that there was no emergency medical justification or need for immediate pin surgery on July 2, 2008. Plaintiff was transferred to the Lorain Correctional Facility ("LORCI")on July 9, 2008 and did not undergo the pin surgery as scheduled. Instead, LORCI sent Plaintiff to the Ohio State Medical Center where he had the pin surgery on July 12, 2008.

Plaintiff, acting pro se, filed this § 1983 action on June 22, 2012 alleging that Defendants Corporal Keys and other John Doe Officers and the Cuyahoga County Sheriff's Department, were deliberately indifferent to his serious medical needs resulting from the fracture of his jaw.

On October 10, 2010, this Case was referred to Magistrate Judge White for pretrial supervision. On November 10, 2011, Plaintiff filed a Motion for Partial Summary Judgment (Document #36). On December 14, 2011, Defendants filed a Cross Motion for Summary Judgment (Document #42).

On March 13, 2012, Magistrate Judge White issued his Report and Recommendation recommending that Defendants' Motion for Summary Judgment be granted as to Plaintiff's § 1983 deliberate indifference claim because Plaintiff failed to establish the objective element of the inquiry that he had a serious medical need during the ten days between his first ER visit and the date when he underwent his mandibular pin fixation surgery. Plaintiff filed Objections to the Report and Recommendation.[1]

---

[1] In his Objections Plaintiff asserts that he was recently contacted by the treating physician

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report.  When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo.  FED. R. CIV. P. 72(b) provides this standard of review.  It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Accordingly, this Court will review the Report and Recommendation, to which timely objections have been filed, *de novo*.  *See Dacas Nursing Support Sys., Inc. v. NLRB*, 7 F.3d 511 (6th Cir. 1993).

**Conclusion**

The Court has reviewed the Report and Recommendation of Magistrate Judge White *de novo*.  *See Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).  The Court has also considered all of the pleadings, affidavits, motions, and filings of the parties.

---

at Ohio State University Hospital.  He states that he is in the process of getting expert testimony to support his allegations.  Plaintiff's objections were filed on March 28, 2012.  Plaintiff's Motion for a 30 day extension to provide the expert affidavit was granted.  Despite the extra time, Plaintiff has failed to file any expert affidavit. Accordingly, no genuine question of material fact that would require denial of Defendants' Motion has been presented.

After careful evaluation of the record, the Report and Recommendation, and the objections filed by Plaintiff, this Court finds the Report and Recommendation issued by Magistrate Judge White to be correct.

Accordingly, the Court hereby ADOPTS the Report and Recommendation issued by Magistrate Judge White.  Defendants' Motion for Summary Judgment is hereby GRANTED as to all of Plaintiff's claims.  Plaintiff's Motion for Partial Summary Judgment is hereby DENIED.  Plaintiff's Complaint is hereby DISMISSED with prejudice.

IT IS SO ORDERED.

                                           _/s/Donald C. Nugent_____
                                           DONALD C. NUGENT
                                           United States District Judge

DATED:  _April 30, 2012___